UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RICHARD AMADOR,<br><br>        Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>        Defendant. | No. ED CV 05-555-PLA<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.

## PROCEEDINGS

      Plaintiff filed this action on June 29, 2005, seeking review of the Commissioner's denial of his application for Supplemental Security Income. The parties filed a Consent to proceed before the undersigned Magistrate Judge on August 16, 2005.  Pursuant to the Court's Order, the parties filed a Joint Stipulation on May 9, 2006, that addresses their positions concerning the disputed issues in the case.  The Court has taken the Joint Stipulation under submission without oral argument.

/

/

/

## II.

## BACKGROUND

Plaintiff was born on March 25, 1962. [Administrative Record ("AR") at 61, 221.] He has a tenth grade education. [AR at 72, 221.] His previous employment experience includes working as a janitor, pasteurizer, and dishwasher. [AR at 79-82, 107, 114-A.]

On February 25, 2003, plaintiff filed an application for Supplemental Security Income payments alleging that he had been unable to work since March 1, 1996, due to "diabetes, high blood pressure, heart condition, and back problems." [AR at 61-63, 65-66, 105-06.] After his application was denied initially and on reconsideration, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on June 18, 2004, at which plaintiff appeared with counsel and testified on his own behalf. [AR at 218-35.] A supplemental hearing was held on October 25, 2004, at which a medical expert and a vocational expert testified. [AR at 209-17.] On November 18, 2004, the ALJ found that plaintiff was not disabled because he retains the residual functional capacity[1] to perform sedentary work.[2] [AR at 12-17.] When the Appeals Council denied review on April 23, 2005, the ALJ's decision became the final decision of the Commissioner. [AR at 4-6.]

## III.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial

---

[1] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

[2] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).

evidence or if it is based upon the application of improper legal standards. Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." Moncada, 60 F.3d at 523; see also Drouin, 966 F.2d at 1257. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. Drouin, 966 F.2d at 1257; Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. Moncada, 60 F.3d at 523; Andrews v. Shalala, 53 F.3d 1035, 1040-41 (9th Cir. 1995); Drouin, 966 F.2d at 1258.

## IV.

## THE EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); Drouin, 966 F.2d at 1257.

### A.  THE FIVE-STEP EVALUATION PROCESS

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. Id. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. Id.

If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded. Id. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform his past work; if so, the claimant is not disabled and the claim is denied. Id. The claimant has the burden of proving that he is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets this burden, a prima facie case of disability is established. The Commissioner then bears the burden of establishing that the claimant is not disabled, because he can perform other substantial gainful work available in the national economy. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

**B.      THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

In this case, at step one, the ALJ concluded that plaintiff has not engaged in any substantial work activity since the alleged onset of his disability. [AR at 13, 16.] At step two, the ALJ concluded that plaintiff has the following "severe" impairments: "dilated cardiomyopathy secondary to hypertension and drug abuse currently in remission, insulin dependent diabetes mellitus with retinopathy and peripheral neuropathy, and history of low back pain." [AR at 14, 16.] At step three, the ALJ found that plaintiff's impairments do not meet or equal the requirements of any of the impairments in the Listings. [AR at 14, 16.] The ALJ further determined that plaintiff retains the residual functional capacity to perform sedentary work with certain restrictions.[3] [AR at 15, 17] At step four, the ALJ determined that plaintiff is unable to perform his past relevant

---

[3]   The ALJ found that plaintiff can stand and/or walk occasionally; sit frequently with customary breaks; climb, balance, stoop, kneel, crouch and/or crawl occasionally; and must avoid concentrated exposure to temperature extremes and pulmonary irritants. [See AR at 15, 17.]

4

work. [Id.] At step five, the ALJ concluded that based on plaintiff's residual functional capacity to perform a certain range of sedentary work, there are a significant number of jobs in the national economy that he could perform. [AR at 16-17.] Accordingly, the ALJ found plaintiff not disabled. [Id.]

## V.

## THE ALJ'S DECISION

Plaintiff contends that the ALJ: (1) failed to properly consider the side effects from his medications; and (2) failed to pose a complete hypothetical to the vocational expert. Joint Stipulation ("Joint Stip.") at 2. For the reasons discussed below, the Court respectfully disagrees with plaintiff, and affirms the Commissioner's decision.

### A.   SIDE EFFECTS FROM MEDICATION

Plaintiff asserts that his medications, Insulin Regular and Nph, cause him to experience "significant" side effects such as sweating, hunger, restlessness, blurred vision, fatigue, frequent urination and dizziness. Joint Stip. at 3. In support of his contention, plaintiff cites to the "Disability Report" forms he filled out in connection with his claim for benefits, where he indicated he experienced the above listed side effects. Joint Stip. at 3. [See AR at 74, 111.]

"The ALJ must consider all factors that might have a significant impact on an individual's ability to work," including the side effects of medications. Erickson v. Shalala, 9 F.3d 813, 817-18 (9th Cir. 1993) (emphasis in original and internal quotations omitted). Here, however, the record contains no objective evidence supporting plaintiff's contention. The treatment notes do not reflect complaints of any alleged side effects, nor is there any indication that plaintiff's doctors, including the consultative examiners, had concern regarding any complications from his medications. Plaintiff counters the lack of evidence by arguing that "none of [his] physicians apparently asked [him] if he experienced any side effects" and that "neither of the consultative examiners ... inquired into the side effect issue." Joint Stip. at 5. The Court is not persuaded by plaintiff's position. See Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985) ("A claimant bears the

burden of proving that an impairment is disabling. . . . [Claimant] produced no clinical evidence showing that narcotics use impaired his ability to work. Accordingly, the ALJ properly rejected [claimant's] claim.") (internal citation omitted). Although plaintiff asserts that he was suffering from the symptoms as alleged, he never reported this to his physicians in order to explore whether the medications could be changed, or perhaps the dosage modified, in order to alleviate the complications. Indeed, during at least one examination he displayed no dizziness, despite taking medications. [AR at 138.] Considering that the clinical notes reflect plaintiff's repeated complaints concerning symptoms such shortness of breath and ankle swelling, he was obviously capable of communicating his medical problems to his physicians. [See AR at 164, 190, 194, 196.] Significantly, when plaintiff *was* asked at the hearing regarding his symptoms, he made no mention of complications from side effects from medications other than that he experiences frequent urination during the night. [See AR at 223-30.] It appears he attributed that condition to his medication Lasix (a diuretic), and not insulin. [See AR at 111.] In any event, he has presented no evidence showing that the alleged side effects, even if true, were severe enough to interfere with his ability to work. See Miller, 770 F.2d at 849 (claimant failed to meet burden of proving that an impairment is disabling where he produced no clinical evidence showing that his prescription narcotic use impaired his ability to work).

For the foregoing reasons, plaintiff's assertion that he suffers from disabling side effects is unavailing, and the Court concludes that reversal or remand on this issue is not warranted.

**B.   INCOMPLETE HYPOTHETICAL**

Plaintiff next contends that the ALJ posed an incomplete hypothetical to the vocational expert because he failed to include the side effects of "fatigue and vision changes" from his medications. Joint Stip. at 5-6.

While hypothetical questions posed to a vocational expert must set forth all of the limitations and restrictions of a particular claimant (Andrews, 53 F.3d at 1043; Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988)), the ALJ is not required to include limitations for which there was no substantial evidence. See Osenbrock v. Apfel, 240 F.3d 1157, 1165 (9th Cir. 2001) ("It

is . . . proper for an ALJ to limit a hypothetical to those impairments that are supported by substantial evidence in the record."); Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989) ("The vocational expert's opinion about a claimant's residual functional capacity has no evidentiary value if the assumptions in the hypothetical are not supported by the record."); Sample v. Schweiker, 694 F.2d 639, 644 (9th Cir. 1982) ("An expert's testimony is valuable only to the extent it is supported by medical evidence.").

As determined above, the record contains no objective evidence supporting plaintiff's claim of side effects from his medication. Aside from the "Disability Report" forms which only briefly set forth his subjective complaints of side effects, plaintiff offered no other evidence, even in the form of his own hearing testimony, in support of his contention. It follows, therefore, that the omission of the alleged side effects of "fatigue and vision changes" from the hypothetical was not erroneous, as the purported complications are not supported by substantial evidence in the record.[4] Plaintiff has not established error with respect to the hypothetical. Remand is not warranted.

## VI.
## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that: 1. plaintiff's request for reversal, or in the alternative, remand, is **denied**; and  2. the decision of the Commissioner is **affirmed**.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: August 9, 2006

/S/
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[4] In fact, not only is there no indication in the record of "vision changes," the evidence shows that plaintiff's visual acuity is 20/40 overall. [AR at 143.] Moreover, that plaintiff was given a sedentary work restriction takes into account the fact that he is unable to take part in a physically demanding job. Plaintiff has failed to show how his alleged fatigue would make him incapable of performing sedentary work.